DURYEE *vs.* LINSHEIMER and others.

1. A exchanged properties with B. Upon the property taken by B was a mortgage, from which A agreed, upon certain terms, to obtain a release. A bill was filed to foreclose the mortgage. B answered, setting up breach of the agreement by A, as a defence, alleging that he had sustained great damages by the breach, and that the mortgage should be held to be satisfied. It alleged, also, that he had complied with the terms, and tendered himself ready to do what the conduct of A had prevented his doing, in accordance with those terms. *Held,* the defence could not avail defendant, as it involved a question of damages which could only be ascertained by evidence, and in respect to which no proof had been offered.

2. Substantive relief by way of specific performance of an agreement, cannot be afforded upon an answer; a cross-bill is necessary for that purpose.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. T. H. Shafer,* for complainant.

*Mr. Gilbert Collins,* for Linsheimer and wife.

THE CHANCELLOR.

In an exchange of lands between the complainant and the defendants, Linsheimer and wife, it was agreed that Mrs. Linsheimer should assume to pay $2400 of the principal of a mortgage for $6000, which was on the premises to be conveyed to her by the complainant and other land, with the interest thereon, and give to the latter a bond and mortgage for $5100 and interest, on the property to be conveyed to her. The complainant, in the contract for exchange, agreed with her that he would, within four months from the date of that instrument, obtain a release of the property sold to her, from the mortgage for $6000, in consideration whereof, and of the cancellation of the $5100 mortgage, the Linsheimers were to give him, and he was to accept, a mortgage from them for $7500 on the property conveyed by him. He did not perform his agreement in this respect. The six months' interest, which fell due in November, 1872, being unpaid for more than thirty days, the principal became due by the terms of the mortgage. The complainant then filed his bill to foreclose. Linsheimer and his wife answered, setting up, as a defence, his breach of his agreement above mentioned, and stating that the object of that arrangement was to enable them to obtain releases for the property, as they might sell it in parcels; alleged that Mrs. Linsheimer had sustained great damages by reason of such non-performance, and insisted that the mortgage should, therefore, be held to be satisfied. They tendered themselves ready to execute a new bond and mortgage, according to the agreement. The evidence is contradictory. Mr. Linsheimer, on the one hand, swears that he, from time to time, demanded performance, but always in vain, and the complainant, on the other hand, testifies that the Linsheimers, by their sales, and permitting an attachment to be issued against them, made literal performance impracticable, though he was always ready, and so tendered himself. He swears, also, that he, in fact, performed the agreement substantially, and to the satisfaction of the Linsheimers, by reducing the $6000 mortgage to $2400 by his payments. It

appears that after the complainant had, as the Linsheimers insist, failed to perform his agreement, they sold all the property. Part of it, however, has been re-conveyed. The defence cannot avail the defendants, for it involves a question of damages which could only be ascertained by evidence, and in respect of which no proof has been offered, and substantive relief by way of specific performance of the agreement, in which latter aspect a cross-bill was necessary.

There will be a decree for the complainant for the amount due on the mortgage.